## S01A0387. MITCHUM v. THE STATE.
### (548 SE2d 286)

FLETCHER, Presiding Justice.

A jury convicted Robert Earl Mitchum of felony murder and aggravated assault in connection with the beating death of Charles Howell.[1] The trial court granted the state's motion in limine to exclude prior acts of violence committed by the victim against third persons because Mitchum failed to give ten days' notice. Mitchum contends that trial counsel rendered ineffective assistance of counsel by failing to give the required notice and the trial court's evidentiary rulings precluded him from presenting his self-defense theory. Because the defendant was able to present his justification defense at trial and trial counsel's performance did not prejudice him, we affirm.

1. The evidence presented at trial shows that the victim was drunk and arguing with his girlfriend, Jackie Jenkins, at their trailer. Jenkins' daughter asked their neighbors for help, and Mitchum, his cousin, and her boyfriend Ron Bell Jr. came over. As the three men were talking on the patio, Howell accused Mitchum of having sex with Jenkins and swung at him. Mitchum, who had been holding a softball bat behind his back, made a "grand slam" swing, hit Howell in the neck, and knocked him down, where Mitchum hit him at least three more times as Howell lay motionless on the con-

[18] Id.
[1] The beating occurred on May 11, 1998, and Mitchum was indicted on March 16, 1999. A jury found him guilty and the trial court sentenced him to life imprisonment on October 27, 1999. Mitchum filed a motion for a new trial on November 10, 1999, which was denied on September 27, 2000. Mitchum filed a notice of appeal on October 24, 2000. The case was docketed in this Court on November 28, 2000, and oral arguments were held on February 19, 2001.

crete patio. Although Mitchum testified that he thought Howell had a knife in his hand, none of the four eyewitnesses saw Howell with a knife or other weapon that night. The medical examiner testified that Howell choked to death from the blow to his neck. After reviewing the evidence in the light most favorable to the jury's determination of guilt, we conclude that a rational trier of fact could have found Mitchum guilty of the crimes charged.[2]

2. To establish a claim of ineffective assistance of trial counsel, the defendant must show that counsel's performance was deficient and the deficient performance prejudiced the defense.[3] In determining prejudice, the question is whether, without the errors of counsel, there is a reasonable probability that the jury would have had a reasonable doubt of guilt.[4]

(a) Mitchum contends that his trial counsel was ineffective for failing to give ten days' notice of his intent to introduce evidence of the victim's prior violent acts,[5] object to the scope of the state's motion in limine, and proffer evidence concerning the prior act evidence. Contrary to the defendant's contention, he was able to present his justification defense and introduce evidence of the victim's general reputation for violence. Mitchum testified at trial that he saw Howell reach into his pocket and was turning to walk away when he heard his cousin holler his name. Mitchum grabbed the bat, turned around, and hit Howell three times until he fell to the ground. Mitchum further testified that he was scared and felt his life was in danger; it looked like Howell had a knife in his hand. Other witnesses testified that Howell routinely carried a knife and had been flicking it open that afternoon. In addition, Mitchum's cousin testified that she took the bat with her to the neighboring trailer for her own protection and to stop Howell from fighting.

Even if trial counsel had given the state the requisite notice, the trial court would not have abused its discretion in ruling inadmissible the evidence of specific acts of violence. The testimony that Mitchum gave at the hearing on the motion for new trial was similar to his testimony at trial and described the victim's general propensity for violence rather than any specific act of violence against an individual.[6] Based on this evidence, we conclude that the defendant has not shown a reasonable probability that the jury would have reached a different verdict absent the alleged errors of trial counsel concerning the prior specific act evidence.

---

[2] See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[3] *Strickland v. Washington*, 466 U. S. 668, 687 (104 SC 2052, 80 LE2d 674) (1984).

[4] See id. at 695.

[5] See Uniform Superior Court Rules 31.1, 31.6.

[6] See *Barnes v. State*, 269 Ga. 345, 353 (496 SE2d 674) (1998).

(b) The defendant also faults trial counsel for failing to object to the state's failure to give notice of similar transaction evidence, object to leading questions, and point out the inconsistencies in testimony during closing argument. We conclude that Mitchum has failed to show that his counsel performed deficiently since the independent crime evidence was admissible in rebuttal to Mitchum's evidence of good character and the other allegations of ineffectiveness deal with matters of trial strategy.

3. The defendant moved for a mistrial when the prosecutor's father, a senior superior court judge, entered the courtroom to observe the trial behind the bench. Because the judge left the courtroom when the defendant objected to his presence, the defendant did not seek a cautionary instruction or any other action, and there is no evidence of any harm, we conclude that the trial court did not abuse its discretion in denying the motion for a mistrial.[7]

4. In addition, the defendant contends that the trial court erred in limiting the cross-examination of two witnesses and commenting on the relevancy of a third witness. Although the trial court improperly limited Mitchum's cross-examination of Bell about a prior fight with the victim to explain Bell's comment that the defendant did not need the bat, we conclude that the ruling was not reversible error since Bell was able to testify that he had fought previously with Howell and explain the basis for his comment. Finally, the trial court did not abuse its discretion in limiting the cross-examination of Jenkins concerning an unrelated incident and in stating an opinion outside the presence of the jury about another witness.

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 4, 2001 —
RECONSIDERATION DENIED JULY 16, 2001.

*Carol B. Miller*, for appellant.
*J. Thomas Durden, Jr., District Attorney, Richard E. Braun, Jr., Assistant District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Tammie J. Philbrick, Assistant Attorney General*, for appellee.

---

[7] See *James v. State*, 270 Ga. 675 (513 SE2d 207) (1999).